[20995.   In Bank. — April 11, 1893.]

## THE PEOPLE, RESPONDENT, *v.* AH LEN, APPELLANT.

CRIMINAL LAW — HOMICIDE — DEFENDANT CHARGED AS PRINCIPAL — CONVICTION FOR AIDING AND ABETTING — MODIFICATION OF INSTRUCTION. — Upon the trial of a defendant charged with murder, where the evidence upon the part of the prosetion tended to show that the defendant and others were acting in concert at the time of the shooting of the deceased, an instruction asked by the defendant to the effect that if the jury should find from a consideration of all the evidence that it pointed as clearly to another person as the homicide, as to the defendant, and if after a full and fair consideration of all the evidence, they should entertain any reasonable doubt as to whether the defendant was the guilty person, then they should acquit the defendant, is properly modified by the court by adding thereto, "unless you find from the evidence beyond a reasonable doubt that such other person is the guilty party, and that the defendant aided and abetted him in committing the crime."

ID. — EVIDENCE — DYING DECLARATIONS. — The dying declaration of the deceased are admissible when shown to have been made under a sense of impending death.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*C. C. Stephens,* and *George J. Davis,* for Appellant.

*Attorney-General W. H. H. Hart,* for Respondent.

The COURT.—1. There was no error in admitting the dying declarations of the deceased, and the evidence was sufficient to show that they were made under a sense of impending death.

2. The defendant requested the court to give the following instruction: "The jury are instructed that if they find from a consideration of all the evidence that it points as clearly to another person who committed the crime in question, as it does to the defendant, and if, after a full and fair consideration of all the evidence, the jury entertain any reasonable doubt as to whether the defendant is the guilty party, then the jury should acquit the defendant."

The court gave the instruction, but at the same time modified it by adding thereto the following: "Unless you find from the evidence, beyond a reasonable doubt, that such other person is the guilty party, and that the defendant aided and abetted him in committing the crime."

The court did not err in thus modifying the instruction requested by defendant. As given, the instruction correctly

stated the law. The evidence upon the part of the people tended to show that the defendant and others were acting in concert at the time of the shooting of the deceased, and under these circumstances the instruction in the form requested by defendant was misleading, and it was the duty of the court to modify it in the respect stated, and instruct the jury as it did.

There are many other errors assigned, but none of them require particular discussion. We find no error in the record.

Judgment and order affirmed.